UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>KARL C. HANSEN AND LISA H. HANSEN,<br><br><br><br>Debtors. | CHAPTER 7<br>CASE NO. 12-11907-JMD<br><br>Hearing Date: January 5, 2016<br>Hearing Time: 9:00 a.m. |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL
BY PRIVATE SALE CERTAIN ASSETS**

Olga L. Gordon, the duly appointed Chapter 7 Trustee of the above captioned debtor (the "Trustee"), hereby requests authority pursuant to Section 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure and LBR 6004-1 to sell certain assets of the debtors' bankruptcy estate (the "Assets") to PixArt Imaging, Inc. (the "Proposed Buyer") for a total purchase price of $150,000.00 (the "Sale") (the "Motion to Sell").  The Assets are comprised of certain domestic and foreign patents.  In order to expedite the sale, the Trustee requests that this Court's Order approving the sale of the Assets not be subject to the fourteen day stay imposed by Bankruptcy Rule 6004(h).

In support of this Motion to Sell, the Trustee states as follows:

1. On June 11, 2012, (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2. On June 12, 2012, pursuant to a Certificate of Appointment, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estate.

3. On July 16, 2012, after conducting the Section 341 Meeting of creditors, the Trustee filed a Report of No Distribution, and on January 2, 2013 this case was closed.

4. On September 3, 2015, this Court entered an Order Granting Ex Parte Amended Motion to Reopen case, and on September 4, 2015, the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' bankruptcy case.

5. In their originally filed Schedules, the Debtors identified an ownership interest in Brilliant Consulting Service which owns "3 U.S. Patents" and 1 individually owned "Pending Patent."

6. The Debtors failed to disclose Karl Hansen's ("Mr. Hansen") individual ownership interest in the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), AU200057549A (the "Assets").

7. On or about September 1, 2015, Debtors' counsel contacted the Trustee and disclosed certain pending litigation relating to a patent formerly owned by Mr. Hansen and currently owned by SyncPoint Imaging, LLC, ("SyncPoint").  Karl Hansen in the sole member owner of SyncPoint.

8. After the filing of the bankruptcy petition, Mr. Hansen transferred his interest in some of the Assets to SyncPoint, and SyncPoint commenced litigation against Nintendo Co. and PixArt Imaging, Inc., case no. 2:15-cv-247, District Court for the Eastern District of Texas, Marshall Division, alleging breach of a licensing agreement and patent infringement.

9. Because the Debtors failed to properly disclose their interest in the Assets in their Schedules and Section 341 Meeting, Mr. Hansen's transfer of some of the Assets to SyncPoint is invalid, and the Assets are all property of the bankruptcy estate.

10. The Trustee seeks authority to enter into a Purchase and Sale Agreement with the Proposed Buyer to sell the Assets for US $150,000.00 (the "Purchase Price").

11. The Sale is "AS IS" and "WHERE IS" without any representations or warranties of any kind.

12. Upon information and belief, there are no liens or encumbrances on the Assets.

13. There is no relationship between the Proposed Buyer and the Trustee.

14. The Trustee will file a Notice of Sale which will be forwarded to all parties in interest and other parties who may be interested in purchasing the Assets.

15. The Trustee asserts that the Sale is in the best interest of the estate since the Trustee has received an offer which, she believes equals the fair market value of the Asset. The Trustee believes that a sale by way of public auction would produce only liquidation value for the Asset which the Trustee believes may be less than the Purchase Price and would involve additional cost to the estate.

16. The Trustee requests that this Court's Order approving the sale of the Assets not be subject to the fourteen day stay imposed by Bankruptcy Rule 6004(h) to expedite the sale.

17. The Trustee states that, pursuant to LBR 7102(b)(2), an accompanying memorandum of law should not be required for the relief requested herein because the relevant law has been sufficiently set forth in this Motion.

WHEREFORE, Olga L. Gordon, the Trustee herein, requests that this honorable court enter an Order:

    a. granting the Trustee authority to enter into the Purchase and Sale Agreement and sell, pursuant to the terms of the Purchase and Sale Agreement, by way of private sale the Assets described herein;

    b. approving the form of the Notice of Intended Private Sale of Certain Assets;

    c. finding that the sale of the Assets is in good faith;

    d. directing that its Order approving the sale of the Assets is not subject to the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h); and

    e. granting such other relief as is deemed just and equitable.

                              Respectfully submitted,

                              OLGA L. GORDON, CHAPTER 7 TRUSTEE,

                              /s/ Olga L. Gordon
                              Olga L. Gordon, Esq., BNH06338
                              Murtha Cullina LLP
                              99 High Street
                              Boston, Massachusetts 02110
                              617-457-4000 Telephone
                              617-482-3868 Facsimile
Dated: December 22, 2015         ogordon@murthalaw.com

6700629v1