# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bankr. Case No. 12-11907-JMD |
| KARL C. HANSEN AND LISA H. HANSEN, | Chapter 7 |
| Debtors. | |

**SYNCPOINT IMAGING, LLC'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE CERTAIN ASSETS**

SyncPoint Imaging, LLC ("SyncPoint"), a Texas limited liability company, hereby files this "Objection" to the *Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Assets* (the "Motion")[1] filed by Olga L. Gordon, the chapter 7 trustee ("Trustee") for the bankruptcy estate of Karl C. Hansen and Lisa H. Hansen (collectively, the "Debtors"). As explained below, the Motion seeks to sell certain patents identified as the "Assets,"[2] which Assets are owned by SyncPoint, without any determination that those Assets are property of the Debtors' estate, thus depriving SyncPoint of due process. If the Trustee wants to sell the Assets, she must first prevail in an adversary proceeding against SyncPoint as required by Fed. R. Bankr. P. 7001(1)-(2). Absent such a determination by this Court the Trustee cannot sell the Assets. Further, the Trustee: (a) does not meet her burden to show that the Purchase Price for the Assets is fair; (b) provides no evidence of any efforts to market the Assets; and (c) does not establish

---

[1] Docket No. 39.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

that the sale of the Assets is in the best interests of the Debtors' creditors or of the Debtors themselves. In further support of this Objection, SyncPoint states as follows:

## BACKGROUND

1. On June 11, 2012 (the "Petition Date"), the Debtors filed a voluntary petition in this Court under Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2. On the Petition Date the Debtors filed their Statement of Financial Affairs and Schedules.[3]

3. On Schedule B the Debtors disclosed their interests in "3 U.S. Patents but subject to fees/costs/expenses of use in France, Great Britain, Germany, Canada, Japan, and Australia."[4] Those patents are the same Assets as defined in the Motion.

4. On July 11, 2012, the Trustee held a meeting of creditors pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting").

5. At the 341 Meeting, the Debtors were asked numerous questions about the Assets that they disclosed in their Schedules, including questions regarding the ownership of the Assets, the value of the Assets, a licensing agreement that Mr. Hansen had entered into with respect to the Assets, and the nature of the Assets.

6. On July 16, 2012, the Trustee filed a Report of No Distribution and, on January 2, 2013, this case was closed.

7. In February 2015, over two years after this case was closed, Mr. Hansen assigned all of his rights in and to the Assets to SyncPoint (the "Assignment").

---

[3]   Docket No. 1.

[4]   Docket No. 1 at Schedule B.

8. On February 20, 2015, as owner of the Assets, SyncPoint filed a complaint against Nintendo of America, Inc. and PixArt Imaging, Inc. ("PixArt"), along with several other parties in the United States District Court for the Eastern District of Texas in a case captioned as *SyncPoint Imaging, LLC v. Nintendo of America, Inc., et al.*, Case No. 2:15-cv-00247-JRG-RSP (the "Texas Case"). The amounts at issue in the Texas Case are in the tens of millions of dollars.

9. Fact discovery in the Texas Case is closed, with some remaining disputes to be decided. Expert discovery is ongoing in the Texas Case, and dispositive motions have and are continuing to be filed.

10. On September 3, 2015, this Court reopened the above-captioned bankruptcy case.

11. On December 22, 2015, the Trustee filed the Motion seeking to sell the Assets to PixArt, one of the defendants in the Texas Case.

12. Also, on December 22, 2015, the Court granted the Trustee's *ex parte* motion to expedite the hearing on the Motion, giving parties only one (1) week to respond to the Motion.

## OBJECTION

**A. The Motion Improperly Seeks to Sell SyncPoint's Assets Without a Judicial Determination That the Assets are Property of the Debtors' Estate**

Pursuant to Fed. R. Bankr. P. 7001(1) a trustee is required to initiate an adversary proceeding "to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee . . . ."[5]

Similarly, under Fed. R. Bankr. P. 7001(2) a trustee is required to initiate an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property . . .

---

[5] Fed. R. Bankr. P. 7001(1).

."[6] Courts have repeatedly prevented attempts by trustees to avoid assignments without the trustee seeking such relief through an adversary proceeding.[7]

As a result of the Assignment, SyncPoint owns the Assets. The Motion cursorily and improperly tries to ignore SyncPoint's interest in the Assets by stating that "Mr. Hansen's transfer of some of the Assets to SyncPoint is invalid, and the Assets are all property of the bankruptcy estate."[8] Thus, the Motion seeks to summarily recover the Assets from SyncPoint and sell them to a third party without providing adequate due process to SyncPoint, through an adversary proceeding, concerning whether the assignment of the Assets to SyncPoint is avoidable and whether the Assets are property of the Debtors' estate. Accordingly, the Motion should be denied because it seeks to deprive SyncPoint of its interest in the Assets without due process and a determination through an adversary proceeding.

**B.     The Debtors Disclosed the Assets on their Schedules and the Assets Were Abandoned When This Case was Closed**

When the Debtors filed their Schedules they listed the Assets on their Schedule B: "3 U.S. Patents but subject to fees/costs/expenses of use in France, Great Britain, Germany, Canada, Japan, and Australia."[9] Then, at the Debtors' 341 meeting, they answered numerous questions about the Assets, described the nature of the Assets, and stated that the Assets were owned by Mr. Hansen personally. The Trustee then filed a report of no distribution and the Debtors' case

---

[6] Fed. R. Bankr. P. 7001(2).

[7] *See Bear v. Coben (In re Golden Plan of Cal., Inc.)*, 829 F.2d 705, 711-12 (9th Cir. 1986); *In re Baker*, 246 B.R. 379, 381-82 (Bankr. E.D. Mo. 2000).

[8] Motion at 2, ¶ 9.

[9] Docket No. 1 at Schedule B.

4850-0102-5836\3

was closed. As a result, the Assets were abandoned to the Debtors by operation of law under 11 U.S.C. § 554(c).

Under 11 U.S.C. § 554(c), "any property scheduled under section 521(a)(1)" that is "not otherwise administered at the time of the closing of a case is abandoned to the debtor." As stated by the United States Court of Appeals for the First Circuit in *In re Furlong*:[10]

> Once an asset is referenced on a schedule, § 521(a)(1) does not specify the level of detail with which that asset must be described. . . . [T]he Bankruptcy Code does not require every component of a[n] [asset] to be spelled out on a debtor's schedule.[11]

Other courts have similarly held that assets that are scheduled but not identified with absolute precision were abandoned by the trustee as long as the scheduled assets provide "inquiry notice to affected parties to seek further detail if they require[] it."[12]

Here, the Debtors disclosed the Assets on their Schedule B and answered questions about the Assets at their 341 Meeting. Accordingly, the Trustee and all other parties in interest were provided with inquiry notice of the Assets and, upon the closing of this case, the Assets were abandoned to the Debtors pursuant to 11 U.S.C. § 554(c).

C. **The Motion Fails to Meet the Standards Required to Sell the Assets Pursuant to Bankruptcy Code § 363**

In determining whether to grant a § 363(b) sale motion the court must find that the trustee has a good business reason to sell the estate property. For a court to approve a sale pursuant to Section 363, the trustee must establish that: (1) there is a sound business purpose for the sale; (2)

---

[10] 660 F.3d 81 (1st Cir. 2011).

[11] *Id.* at 87 (internal citations omitted).

[12] *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001).

4850-0102-5836\3

the proposed sale price is fair; (3) the trustee has provided adequate and reasonable notice; and (4) the buyer has acted in good faith.[13] Furthermore, "[a] trustee owes a duty to the debtor to maximize value, especially when there is a chance that all creditors may be paid in full and the debtor may receive funds back."[14]

Here, the Motion fails to provide any explanation or evidence as to why the Purchase Price for the Assets is fair. The Trustee does not explain any marketing efforts that she has undertaken to canvas the market for potential buyers for the Assets, and does not explain why sale of the Assets at this juncture is prudent or in the best interests of the Debtors' estate. This is particularly troubling where, as here, the amounts at issue in the Texas Case far exceed the proposed purchase price for the Assets. Accordingly, and separate and apart from the fact that the Trustee cannot sell the Assets because they are not part of the Debtors' estate, the Court should deny the Motion because the Trustee has not met her burden to show that the sale is in the best interests of the Debtors' estate.

**D.  The Motion Effectively asks this Court to Approve a Settlement Pursuant to Fed. R. Bankr. P. 9019 Without Satisfying the Standards for Settlement Approval**

Through the Motion the Trustee seeks authority to sell the Assets to PixArt, one of the defendants in the Texas Case. If this Court authorizes the sale, it will effectively authorize settlement of the Texas Case without the Trustee satisfying any of the factors required to approve a settlement pursuant to Fed. R. Bankr. P. 9019. The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation

---

[13] *See In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991).

[14] *In re Gentile*, 2012 Bankr. LEXIS 5560 at *5 (Bankr. D. Mass. 2012); citing *In re Kazis,* 257 B.R. 112, 114 (Bankr. D. Mass. 2001).

4850-0102-5836\3

being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.[15] The Motion does not provide any evidence concerning the foregoing factors, and in particular fails to show the efforts taken by the Trustee to determine the probability of success in the litigation and whether the amount being received is justified given the significant dollar amount at issue in the litigation. Accordingly, and separate and apart from the fact that the Trustee cannot sell the Assets because they are not part of the Debtors' estate, the Court should deny the Motion because the Trustee is improperly attempting to circumvent satisfying the criteria for approval of a settlement.

---

[15] *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

4850-0102-5836\3

**CONCLUSION**

The Motion improperly seeks to sell SyncPoint's Assets, which were abandoned to the Debtors when this case was closed and then validly assigned to SyncPoint, without a determination by this Court through an adversary proceeding that those Assets are property of the Debtors' estate.  The Motion also fails to meet the standards imposed by Section 363 because the Trustee provides no evidence that the Purchase Price for the Assets is fair or in the best interests of the Debtors' estate, and fails to provide any evidence of the applicable factors under Rule 9019.  Accordingly, the Motion should be denied.

Dated this 29th day of December, 2015.

                                      Respectfully Submitted,
                                      SYNCPOINT IMAGING, LLC

                                      By Its Attorneys

                                      /s/ Kelly Ovitt Puc
                                      Kelly Ovitt Puc (BNH 06692)
                                      **SULLOWAY & HOLLIS PLLC**
                                      9 Capitol Street
                                      Concord, NH 03301
                                      Tel: 603-224-2341
                                      Email: kovittpuc@sulloway.com

                                      Michael F. Thomson
                                      **DORSEY & WHITNEY LLP**
                                        136 South Main Street, Suite 1000
                                      Salt Lake City, UT  84101-1685
                                      Telephone: (801) 933-7360
                                      Facsimile: (801) 933-7373
                                      Email: thomson.michael@dorsey.com

4850-0102-5836\3