UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: )
    Karl C. Hansen ) Bk. No. 12-11907-JMD
    Lisa H. Hansen ) Chapter 7
        Debtor(s) )
 ) Hearing Date: January 5, 2016
 ) Hearing Time: 9:00 a.m.
 )

### OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE CERTAIN ASSETS

    **Now Come** Karl C. Hansen and Lisa H. Hansen**,** by their Attorneys Victor W. Dahar, P.A., and object to the Trustee's Motion for Authority to Sell by Private Sale Certain Assets and state as follows:

    1.    On June 11, 2012 (the "Petition Date"), the Debtors filed their voluntary petition in this Court under Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

    2.    On Schedule B of the voluntary petition the Debtors disclosed their interests in "3 U.S. Patents but subject to fees/costs/expenses of use in France, Great Britain, Germany, Canada, Japan, and Australia."   Those patents are the same Assets as defined in the Trustee's Motion.

    3.    That the 3 U.S. Patents disclosed on Debtor's Schedule B are the same ones as defined in Trustee's Motion with the following patent numbers: US6275214B1, US6952198B, and US7091949B2.

    4.    That the other foreign patents defined in Trustee's Motion were disclosed on Debtor's Schedule B under the US6275214B1 patent because they are all the exact same application filed as part of the International Patent Cooperation Treaty (PCT).

    5.    That all of the non-U.S. patents listed in the Trustee's Motion To Sell are the US6275214B1 patent in different countries, and were disclosed in the Debtor's Bankruptcy filing on Schedule B that indicated the "U.S. Patents but subject to fees/costs/expenses of use in

France, Great Britain, Germany, Canada, Japan, and Australia." These are the countries that correspond to the different non-USA patent numbers called out in the Trustee's Motion.

6. On July 11, 2012, the Trustee held a meeting of creditors pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting").

7. At the 341 Meeting, the Debtors were asked numerous questions about the Assets that they disclosed in their Schedules, including questions regarding the ownership of the Assets.

8. At the 341 Meeting, the Debtors never misrepresented anything to the Trustee and never failed to disclose any assets of the estate to the Trustee.

9. On July 16, 2012, the Trustee filed a Report of No Distribution and, on January 2, 2013, this case was closed.

10. That with the Trustee's filing of a report of no distribution, the Debtors' case was Closed resulting with the Assets being abandoned to the Debtors by operation of law under 11 U.S.C. § 554(c).

11. That the Debtors object to the Trustee's Motion to Sell the Assets as they were abandoned to the Debtors and are no longer and/or not property of the bankruptcy estate.

12. That alternatively, the Trustee's Motion to Sell fails to meet the burden or standards required to Sell the Assets Pursuant to Bankruptcy Code § 363.

13. That the trustee owes a duty to the Debtors to maximize value, especially when there is a chance that all creditors may be paid in full and the debtor may receive funds back.

14. That it is the Debtor's position that the sale is not being made to a good faith Purchaser. The sale is not being made to a bona fide purchaser as it is one of the defendants in the patent infringement lawsuit, where the amounts at issue in the case may exceed the proposed purchase price for the Assets.

15. That Courts have required that the sale price be fair and reasonable and that the Sale be the result of good faith negotiations. See, e.g., In re Abbotts Dairies of Pa., 788 F.2d 143, 147—50 (3d Cir. 1986).

      16.      That the Trustee's Sale will not maximize the amount that the Debtor, its creditors and its estate may realize for the value of the Purchased Assets.  Any Sale should be in the best interests of the Debtor and its estate, including creditors.  Trustee's Motion fails to provide any explanation or evidence as to why the Purchase Price for the Assets is fair.

      **WHEREFORE, Karl C. Hansen and Lisa H. Hansen**, by their attorneys, and pray as follows:

1. That the Motion for Authority to Sell by Private Sale Certain Assets be denied; and
2. For such other relief as may be deemed just and equitable.

Respectfully submitted,
Karl C. Hansen and Lisa H. Hansen
Chapter 7 Debtors,
By their attorneys,
**VICTOR W. DAHAR, P.A.**

Dated:  December 31, 2015      By: /s/Victor W. Dahar, Jr.
      Victor W. Dahar, Jr.
      20 Merrimack Street
      Manchester, NH  03101
      (603) 622-6595
      BNH 04039

3