UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>KARL C. HANSEN AND LISA H. HANSEN,<br><br><br><br>Debtors | Chapter 7<br><br>Case No. 12-11907-JMD<br><br>Hearing Date:  March 21, 2017<br>Hearing Time:  9:00 a.m. |

### CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF
### STIPULATION CONCERNING PATENT RIGHTS

Olga L. Gordon, the duly-appointed Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Trustee") hereby moves for this Court (a) to approve the Stipulation Concerning Patent Rights filed with this motion (the "Stipulation"), which provides, *inter alia*, for the Trustee to file a motion to sell the patent rights that have been the subject of dispute between the Debtors and the Trustee (the "Sale Motion"), and (b) schedule an evidentiary hearing on the Sale Motion for 1:30 pm on April 11, 2017, which is the time slot now set aside for the complaints and motion that are resolved pursuant to the Stipulation. As grounds therefor, the Trustee states:

### Background

1. The Debtors commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on June 11, 2012 (the "Petition Date"), along with their schedules of assets and liabilities (the "Schedules"). The Trustee was appointed as chapter 7 trustee, the Debtors were examined by the Trustee at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), and the case was closed with no dividend to creditors.

2. On September 3, 2015, the case was reopened and the Trustee was reappointed

7858729v1

-2-

the next day.  Notice of the reopened case, including the deadline to file proofs of claim (the "Bar Date"), was sent to all creditors listed in the Schedules.  Claims in the total amount of $19,316.69 were filed on or before the Bar Date.  In addition, the estate is liable for administrative expenses including the Trustee's commission (if any) and the fees and reimbursable expenses of her counsel.

3.  On the Petition Date, Debtor Karl C. Hansen ("Hansen") owned certain domestic and foreign patents which he had licensed to PixArt Imaging, Inc. ("PixArt"), all as more particularly described in the Stipulation and defined therein as the Patent Assets.  After this case was closed and before it was reopened, Hansen conveyed the Patent Assets to SyncPoint Imaging LLC ("SyncPoint"), which he controls.  SyncPoint brought suit against PixArt, Nintendo and others for patent infringement and other causes of action in the United States District Court for the District of Texas, Marshall Division (Case No. 2:15-cv-247) (the "Patent Case").  PixArt denied liability and the Patent Case remains pending.  SyncPoint asserts that the damages claimed in the Patent Case are contractual in nature and to date exceed $35 million.

**Disputes Resolved by the Stipulation**

4.  Disputes have arisen between Hansen and the Trustee concerning, *inter alia*, (a) the Trustee's allegation that the Patent Assets were not properly disclosed in the Schedules and at the 341 Meeting, (b) whether, in consequence, the Patent Assets belong or must be turned over to the Trustee, or whether SyncPoint owns the Patent Assets free and clear of any interest of the Trustee, and (c) the Debtors' allegation, after the Trustee had filed an adversary complaint against them, that the Trustee's conduct concerning the Patent Assets, including attempting to sell the Patent Assets to PixArt, was improper and that the Trustee should be removed.  These disputes have played out through the filing of the (i) Complaint by Trustee against the Debtors

-2-

7858729v1

initiating Adversary Proceeding No. 16-01010-JMD, (ii) Complaint by Debtors against the Trustee initiating Adversary Proceeding No. 16-01045-JMD, and (iii) Debtors' motion seeking removal of the Trustee [Docket No. 66] (the "Pending Proceedings"). This Court has scheduled a hearing on the Pending Proceedings to take place at 1:30 p.m. on April 11, 2017 (the "Scheduled Hearing Time").

### Summary of Key Terms of the Stipulation

5. The Trustee, the Debtors and SyncPoint have entered into the Stipulation in order to resolve the Pending Proceedings (the Stipulation provides that they will be dismissed with prejudice) and instead present to this Court the underlying economic issue of whether (i) the Patent Assets should be sold to PixArt for $150,000 pursuant to the Purchase and Sale Agreement between the Trustee and PixArt dated January 21, 2016 (the "PixArt P&S"), or a higher or better cash purchase offer made pursuant to a sale process conducted under section 363 of the Bankruptcy Code; or (ii) the Patent Case should be litigated to a conclusion, whether through judgment or settlement, with the creditors of the estate receiving up to full payment plus interest from SyncPoint's recovery, if any. The key terms of the Stipulation are as follows:[1]

- The Trustee shall file, for hearing at the Scheduled Hearing Time, a motion pursuant to section 363 of the Bankruptcy Code to sell the Patent Assets to PixArt pursuant to the PixArt P&S, subject to higher or better offers (the "Trustee Motion").

- SyncPoint will be deemed to have made a qualifying counteroffer (the "SyncPoint Proposal") providing that (a) SyncPoint and Hansen shall use reasonable diligence to continue to pursue the Patent Case, whether to judgment or settlement, (b) from the first net proceeds (*i.e.,* after counsel fees) SyncPoint realizes from the Patent Assets or the Patent Case, SyncPoint shall pay the Trustee an amount equal to the total allowed claims (including administrative expenses) in this case plus interest thereon at the federal judgment rate, (c) to

---

[1] These bullet points are intended as a summary and not a full recital of the terms of the Stipulation. While the summary is believed accurate, the Stipulation rather than this motion will control in the event of a conflict between the two.

-3-

secure payment, the Trustee shall have a first priority lien on the Patent Assets and any proceeds of the Patent Case, subject only to the attorney's lien of SyncPoint's litigation counsel, and (d) SyncPoint will make all decisions concerning the Patent Case and the Patent Assets, but shall make reports to the Trustee.

- There shall be submitted to this Court at the hearing on the Trustee Motion the question whether the PixArt Sale (or any other qualifying counteroffer that has been submitted) or the SyncPoint Proposal represents the highest or otherwise best offer for the Patent Assets, taking account of the best interest of creditors and the best interest of the Debtors (for which purpose a benefit to SyncPoint shall be deemed synonymous with a benefit to the Debtors) to the extent required by applicable law in light of the value of the Patent Rights as determined by the Court.

- If this Court approves the SyncPoint Proposal, the Trustee will confirm SyncPoint's title to the Patent Assets; and if this Court instead approves sale of the Patent Assets, SyncPoint and Hansen will transfer to the Trustee all right, title and interest of SyncPoint and Hansen in the Patent Assets, so as to enable the Trustee to convey clear title to the purchaser.

6. The Stipulation serves the best interests of the estate (and, for that matter, the Debtors) by terminating claims concerning conduct of the Debtors and the Trustee, so as to permit the parties and the Court to focus, without the distraction of extraneous issues, on the key economic issue facing the estate: Whether the best approach to realizing value from the Patent Assets is through sale of the Patent Assets to PixArt for $150,000 or to litigate the Patent Case to a conclusion, whether judgment or settlement. Sale to PixArt would immediately pay creditors in full. However, if the value of the Patent Assets (in essence, the potential value of the Patent Case) is such as to require considering the interest of the Debtors, then their interest in seeking a larger recovery through the Patent Case must be weighed against the interest of creditors in speedy and sure receipt of full payment. The Trustee is not at present able to make a recommendation to this Court but expects to provide her views following presentation of

evidence and argument by PixArt and the Debtors.[2]

## Approval of the Stipulation is Appropriate

7. Compromises "are favored in bankruptcy," 9 COLLIER ON BANKRUPTCY ¶ 9019.01 at 9019-2 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016), and have become a "normal part of the process of reorganization." *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 130 (1939), *cited in Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Approval of a compromise is within the sound discretion of the bankruptcy court. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995). In exercising such discretion,

> [t]he bankruptcy court essentially is expected to "assess [ ] and balance the value of the claim[s] ... being compromised against the value ... of the compromise proposal." It may consider, among other factors: (1) the probability of success were the claim to be litigated – given the legal and evidentiary obstacles and the expense, inconvenience and delay entailed in its litigation – measured against the more definitive, concrete and immediate benefits attending the proposed settlement (so-called "best interests" standard); (2) a reasonable accommodation of the creditors' views regarding the proposed settlement; and (3) the experience and competence of the fiduciary proposing the settlement.

*Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.),* 136 F.3d 45, 50 (1st Cir. 1998) (internal citations omitted). If the court concludes that the compromise falls above "the lowest point in the range of reasonableness," then it should be approved. *Id.* at 51 (*citing Cosoff v. Rodman (In re W.T. Grant Co.*), 699 F.2d 599, 613 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)).

### A. The Stipulation Satisfies the "Best Interests" Standard

8. The Stipulation is in the best interest of the estate because it achieves for the estate – without any of the (as *Healthco* expressed it) "legal and evidentiary obstacles and the expense, inconvenience and delay entailed in . . . litigation" – everything that the estate could

---

[2] Of course, the Trustee also reserves the right to present evidence and legal argument of her own.

7858729v1

have accomplished by successfully litigating the Pending Disputes. The Trustee's pending complaint against the Debtor seeks to recover the Patent Assets for the estate. The Stipulation places the Trustee in the same position she would be in if she prevailed on her complaint. In that event, her next step would be to file a motion to sell to PixArt for $150,000, the Debtors would oppose the motion on the basis that the Patent Assets are worth more than $150,000 by litigating against PixArt and others, and this Court would be called upon to resolve that issue. The Stipulation simply reverses the order of events, so that if the Court's decides in favor of litigation, the Patent Assets will be left in the hands of SyncPoint where they are now.[3] Thus, under the Stipulation, the Trustee will immediately file a sale motion, SyncPoint will advocate the litigation option in the form of a counteroffer, the Court will make its decision, and whichever decision the Court makes will be implemented without need for further litigation. If this Court approves sale of the Patent Assets, SyncPoint and Hansen have agreed under the Stipulation that they will retransfer the Patent Assets to the estate so that the Trustee can convey clear title to the purchaser. If this Court determines instead that the estate's best interest lies in continued pursuit of the Patent Case, the Stipulation provides for the Trustee to be paid from proceeds thereof an amount sufficient to pay all allowed claims against the estate plus interest.

       **B.**    **The Stipulation Reasonably Accommodates Creditors' Interests**

9. The Stipulation accommodates the interests of creditors. It provides for them to be paid in full without risk if the Patent Assets are sold. If, instead, the Patent Case goes forward, the Stipulation provides for creditors to be paid in full plus interest, and although they would be subject to the risk of failure of the Patent Case, presumably this will happen only upon

---

[3] This approach, if the Court were to decide in favor of the litigation scenario, is actually superior to the Trustee recovering the Patent Assets under her pending complaint because it avoids the delay, expense and potential loss of legal rights in the Patent Case that could result from transfer of the Patent Assets to the Trustee.

7858729v1

this Court's determination that the chances of success in the Patent Case are so great that the Debtors' interest in pursuing the Patent Case outweighs the risk to creditors. Under the Bankruptcy Code and caselaw, creditors can expect no more. *See generally Spenlinhauer v. O'Donnell*, 261 F.3d 113, 119 (1st Cir. 2001) ("The chapter 7 debtor may establish standing by demonstrating, *inter alia*, that nullification of the sale is likely to result in an overall surplus in the chapter 7 estate – *viz.*, a total nonexempt-asset valuation exceeding all allowed claims against the chapter 7 estate – to which the debtor, *qua individual*, would become entitled once the bankruptcy case is closed."); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1143 n.12 (1st Cir. 1992).

### C. The Trustee is an Experienced and Competent Fiduciary

10. The Trustee has over 16 years of extensive experience as a bankruptcy and insolvency professional, more than ten of them on the chapter 7 trustee panel. She is widely recognized to be experienced and competent. Her counsel in negotiating the Stipulation has more than 25 years of experience as a bankruptcy lawyer.

### Conclusion

WHEREFORE the Trustee prays that this Court (a) approve the Stipulation and adopt it as an order of the Court, (b) schedule a hearing on the Trustee Motion for the Scheduled Hearing Time, and cancel the hearings on the Pending Proceedings now scheduled for the Schedule Hearing Time, and (c) grant such other and further relief on this motion as the Court may deem just.

-8-

                                            OLGA L. GORDON

                                            By her attorneys,

                                            /s/ Daniel C. Cohn
                                            Daniel C. Cohn, BNH 03239
                                            Murtha Cullina LLP
                                            99 High Street
                                            Boston, Massachusetts 02110-2320
                                            Telephone:  (617) 457-4000
                                            Facsimile:   (617) 482-3868

Dated:  February 27, 2016

7858729v1