UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>KARL C. HANSEN AND LISA H. HANSEN,<br><br>Debtors | CHAPTER 7<br>CASE NO. 12-11907-JMD |

**STIPULATION CONCERNING PATENT RIGHTS**

THIS STIPULATION is made on the 21st day of February, 2017, by and between Olga L. Gordon, the duly-appointed Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Trustee"), and SyncPoint Imaging LLC ("SyncPoint"), Karl C. Hansen and Lisa H. Hansen.

**Background**

A. Karl C. Hansen and Lisa H. Hansen (the "Debtors") commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on June 11, 2012 (the "Petition Date"), along with their schedules of assets and liabilities (the "Schedules"). The Trustee was appointed as chapter 7 trustee, the Debtors were examined by the Trustee at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), and the case was closed with no dividend to creditors.

B. On September 3, 2015, the case was reopened and the Trustee was reappointed the next day. Notice of the reopened case, including the deadline to file proofs of claim (the "Bar Date"), was sent to all creditors listed in the Schedules. Claims in the total amount of $19,316.69 were filed on or before the Bar Date (the "Unsecured Claims"). In addition, the estate is liable for administrative expenses including the Trustee's commission (if any) and the fees and reimbursable expenses of her counsel (the "Administrative Expenses").

C. On the Petition Date, Debtor Karl C. Hansen ("Hansen") owned the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1,

DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), and AU200057549A, which Hansen licensed to PixArt Imaging, Inc. ("PixArt") on or about June 26, 2008, pursuant to a Non-Exclusive License Agreement, and all rights associated with such patents (all of the foregoing, the "Patent Assets").  After this case was closed and before it was reopened, Hansen conveyed the Patent Assets to SyncPoint, and SyncPoint brought suit against PixArt, Nintendo and others for patent infringement and other causes of action in the United States District Court for the District of Texas, Marshall Division (Case No. 2:15-cv-247) (the "Patent Case").  PixArt denied liability and the Patent Case remains pending.

D. Disputes have arisen between Hansen and the Trustee concerning, *inter alia*, (i) whether the Patent Assets were properly disclosed in the Schedules and at the 341 Meeting, (ii) whether, in consequence, the Patent Assets belong or must be turned over to the Trustee, or whether SyncPoint owns the Patent Assets free and clear of any interest of the Trustee, (iii) whether the Trustee's conduct concerning the Patent Assets, including attempting to sell the Patent Assets to PixArt, was proper and if not, whether the Trustee should be removed (the "Pending Disputes").  This Court has scheduled a hearing on the Pending Disputes to take place at 1:30 p.m. on April 11, 2017 (the "Scheduled Hearing Time").

E. There appear to be two available paths to the potential realization of value from the Patent Assets: (i) the Patent Assets could be sold to PixArt for $150,000 pursuant to the Purchase and Sale Agreement between the Trustee and PixArt dated January 21, 2016 (the "PixArt P&S"), or a higher or better cash purchase offer made pursuant to a sale process conducted under section 363 of the Bankruptcy Code; or (ii) the Patent Case could be litigated to a conclusion, whether through judgment or settlement; the damages claimed are contractual in nature and to date exceed $35,000,000.00.  Instead of litigating the Pending Disputes, and in full

settlement thereof, the parties have executed this Stipulation to establish a process for this Court to determine whether the Patent Assets should be sold or the Patent Case should be litigated to conclusion for the benefit of the estate as well as SyncPoint.

**Agreement**

NOW, THEREFORE, the Trustee, the Debtors and SyncPoint hereby stipulate and agree as follows:

1. <u>Sale Motion</u>. The Trustee shall file, in time to be heard by the Court at the Scheduled Hearing Time without shortening the 21-day notice period under Fed. R. Bankr. P. 2002(a)(2), a motion pursuant to section 363 of the Bankruptcy Code to sell the Patent Assets to PixArt pursuant to the PixArt P&S, subject to higher or better offers in accordance with the practice in bankruptcy sales (the "<u>Trustee Motion</u>"), *provided, however,* that SyncPoint's proposal pursuant to the following paragraph (the "<u>SyncPoint Proposal</u>") shall be deemed a qualifying counterbid and shall be submitted to the Court at the hearing on the Trustee Motion for consideration as to whether it is the highest or otherwise best offer for the Patent Assets, taking account of the best interest of creditors and, , the best interest of the Debtors (for which purpose a benefit to SyncPoint shall be deemed synonymous with a benefit to the Debtors) to the extent required by applicable law in light of the value of the Patent Rights as determined by the Court.

2. <u>SyncPoint Proposal</u>. SyncPoint hereby proposes that (a) title to the Patent Assets shall remain with SyncPoint, (b) SyncPoint and Hansen shall use reasonable diligence to continue to pursue the Patent Case (including any related proceedings such as appeals or arbitrations), whether to judgment or settlement, (c) from the first amounts received directly or indirectly on account of the Patent Assets (including proceeds from judgment or settlement of the

-3-

Patent Case, after payment of the fees and reimbursable expenses of SyncPoint's counsel in the case), SyncPoint shall pay the Trustee an amount equal to the total amount in which Administrative Expenses and Unsecured Claims are allowed by this Court including interest thereon at the federal judgment rate (the "Estate Amount"), (d) as security for payment of the Estate Amount, the Trustee shall have a first priority lien on the Patent Assets and proceeds thereof (including any and all amounts to which SyncPoint may be entitled pursuant to any judgment or settlement in the Patent Case) (the "Trustee Lien") subject only to such lien as may be provided under applicable law to SyncPoint's counsel in the Patent Case for fees and reimbursable expenses (the "Attorney's Lien"), (e) control of and decisions concerning the Patent Case and all other matters concerning realization of value from the Patent Assets shall be the sole purview of SyncPoint, but SyncPoint shall provide a written report to the Trustee (i) concerning any material event in the Patent Case or otherwise concerning the Patent Assets, within five business days after such event occurs, and (ii) whenever requested by the Trustee, within five business days after such request.

3. <u>Implementation of SyncPoint Proposal</u>.  If the SyncPoint Proposal is approved by the Court as the highest or otherwise best offer for the Patent Assets, the Trustee shall (a) immediately execute such instrument as SyncPoint may reasonably request confirming SyncPoint's title to the Patent Assets and disclaiming any interest of the bankruptcy estate in the Patent Assets other than the Trustee Lien, and (b) subsequently execute such further instruments as SyncPoint may reasonably request to state, evidence of record, or otherwise confirm that SyncPoint is the sole holder of the Patent Rights (subject to the Trustee Lien).

4. <u>Implementation of Sale</u>.  If the Court approves the sale of the Patent Assets, whether to PixArt pursuant to the PixArt P&S or pursuant to another offer (other than the

-4-

SyncPoint Proposal) that the Court determines to be the highest or otherwise best offer for the Patent Assets (the "Approved Sale"), SyncPoint and Hansen shall (a) immediately execute such instruments as the Trustee may reasonably request transferring to the Trustee all right, title and interest of SyncPoint and Hansen in the Patent Assets,  and (b) subsequently execute such further instruments as the Trustee may reasonably request to state, evidence of record, or otherwise confirm that the Trustee or (at and after consummation of the Approved Sale) the purchaser at the Approved Sale is the sole holder of the Patent Rights.

5. Representations and Warranties.  SyncPoint and Hansen hereby represent and warrant to the Trustee that (a) Hansen controls the limited liability company interests in SyncPoint, (b) the execution and performance of this Stipulation have been duly authorized by all necessary action of SyncPoint, and (c) SyncPoint owns and has good and clear record and marketable title to the Patent Rights free and clear of any lien, claim, adverse interest or the assertion thereof, other than the Attorney's Lien and the interest in the Patent Rights asserted by the Trustee in Adversary Proceeding No. 16-01010-JMD (before it is dismissed pursuant to the following paragraph).

6. Court Approval of Stipulation.  The Trustee shall promptly file a motion for this Court to approve this Stipulation (the "Approval Motion").  If the Approval Motion is granted, then upon entry of the Court's order to that effect, (a) Adversary Proceeding Nos. 16-01010-JMD and 16-01045-JMD, and the Motion of Debtors seeking removal of the Trustee [Docket No. 66] (the "Pending Proceedings") shall be dismissed with prejudice and without costs, (b) the Trustee's pending motion in the Patent Case shall be withdrawn with prejudice and without costs, (c) SyncPoint and the Debtors shall execute and deliver to the Trustee, and the Trustee shall execute and deliver to SyncPoint and the Debtors, a general release in a form acceptable to

their respective counsel, acting reasonably.  Until the Approval Motion is determined, all deadlines and other requirements for either party to act in the Pending Proceedings shall be tolled.  If the Court denies the Approval Motion, all such deadlines shall be reset by agreement of the parties, acting reasonably, and subject to judicial approval where required.

7. <u>Complete Agreement</u>.  This Stipulation constitutes the full, final and complete settlement of any and all disputes between the parties hereto, and supersedes all other written or oral exchanges, arrangements or negotiations between them concerning such disputes.

8. <u>No Reliance on Representations</u>.  In executing this Stipulation, none of the parties has relied upon any representation, either oral or written, other than those specifically set forth herein.  There have been no inducements of any type or character made to any of the parties other than those specifically set forth in writing herein.

9. <u>Amendment</u>.  This Stipulation may not be altered or amended except by an agreement in writing executed by all of the signatories listed below, and subject to approval of the Court if such agreement entails a burden upon or detriment to the bankruptcy estate.

10. <u>Exclusive Jurisdiction</u>.  This Court shall have exclusive jurisdiction, to which each of the parties irrevocably consents, to determine any disputes arising under or related to this Stipulation.

11. <u>Headings</u>.  Headings in this Stipulation are for convenience only and shall not be used in construing the document.

12. <u>Successors and Assigns</u>.  This Stipulation shall be binding upon and inure to the benefit of the parties' respective heirs, successors and assigns.

13. <u>No Third Party Beneficiaries</u>.  Except as set forth in the preceding paragraph, this Stipulation is intended solely for the benefit of the parties hereto.  The parties do not intend to confer the rights of a third party beneficiary upon any person or entity.

14. <u>Counterparts</u>.  This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.  Facsimile or PDF signatures shall be deemed original signatures.  Electronic delivery of a signed counterpart of this Stipulation shall have the same legal effect as though a counterpart of this Stipulation signed in ink were delivered in person.

EXECUTED as of the date first above written.

| | |
|---|---|
| SYNCPOINT IMAGING LLC, KARL C. HANSEN AND LISA H. HANSEN | OLGA L. GORDON, CHAPTER 7 TRUSTEE |
| By their attorneys, | By her attorneys, |
| /s/ Joseph G. Pia | /s/ Daniel C. Cohn |
| Joseph G. Pia<br>joe.pia@padrm.com<br>Utah State Bar No. 9945 (pro hac pending)<br>Robert Aycock<br>Utah State Bar No. 8878<br>raycock@padrm.com<br>PIA ANDERSON DORIUS REYNARD & MOSS<br>136 E. South Temple, 19th Floor<br>Salt Lake City, Utah 84111<br>Telephone: (801) 350-9000<br>Facsimile: (801) 350-9010 | Daniel C. Cohn, BNH 03239<br>Murtha Cullina LLP<br>99 High Street<br>Boston, Massachusetts 02110-2320<br>Telephone:  (617) 457-4000<br>Facsimile:   (617) 482-3868 |
| Carl D. Hanson<br>carl@hansonandnolin.com<br>HANSON AND NOLIN, LLP<br>276 Newport Road<br>Suite 204 The Gallery<br>New London, NH 03257 | |