UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re: | |
|---|---|
| KARL C. HANSEN AND LISA H. HANSEN, | CHAPTER 7<br>CASE NO. 12-11907-JMD |
| | Hearing Date: April 12, 2017 |
| Debtors. | Hearing Time: 9:00 a.m. |

**NOTICE OF INTENDED PRIVATE SALE OF CERTAIN ASSETS,
DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS,
AND HEARING DATE**

TO CREDITORS AND PARTIES IN INTEREST:

Notice is hereby given pursuant to 11 U.S.C. Section 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and LBR 6004-1, that Olga L. Gordon, the Chapter 7 Trustee of the above captioned debtors (the "Trustee"), intends to sell to PixArt Imaging, Inc. ("PixArt") by way of private sale for the total amount of US $150,000.00 (the "Purchase Price") in cash, the estate's right, title and interest in and to the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), AU200057549A and all rights associated with such patents (the "Assets"). The terms of the proposed sale are more particularly described in the Purchase and Sale Agreement attached hereto as Exhibit A (the "PixArt Offer"). The Trustee has sought permission to sell the Assets pursuant to the *Chapter 7 Trustee's Motion For Sale or Other Disposition of Patent Assets* (the "Sale Motion"), of which a copy is included with this notice.

The Trustee believes that this sale is in the best interest of the estate since it appears that the PixArt Offer represents the fair market value of the Assets and the Trustee has received an additional offer from SyncPoint Imaging LLC ("SyncPoint"), in the form of the "SyncPoint Proposal" described in paragraph 2 of the Stipulation Concerning Patent Rights dated February

21, 2017 [Docket No. 99-1], which will be considered by the Court at the Sale Hearing (defined below). The Trustee has no relationship with either PixArt or SyncPoint.

The sale is "AS IS" and "WHERE IS" without any representations or warranties.

Any objection to the Sale Motion shall be filed in writing with the Clerk of the Court, U.S. Bankruptcy Court, 1000 Elm Street, Manchester, New Hampshire 03101 **on or before April 5, 2017** (the "Objection Deadline"). A copy of any objection shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

Through this Notice higher or better offers for the Assets are hereby solicited (a "Counterbid"). Any Counterbid must be for a price in excess of the Purchase Price and must be accompanied by a certified or bank check in the amount of $50,000 made payable to Olga L. Gordon, Chapter 7 Trustee for the bankruptcy estate of Karl C. and Lisa H. Hansen. A Counterbid must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price, or on terms that are more favorable to the bankruptcy estate.

Any party that desires to make a Counterbid must deliver the signed bid and a check to Olga L. Gordon, Esq., Murtha Cullina LLP, 99 High Street, Boston, Massachusetts and file a copy of the Counterbid and a copy of the check with the Clerk of the United States Bankruptcy Court on or before **April 5, 2017.**

A hearing on the Sale Motion, objections thereto, and competing offers for the Assets (including the PixArt Offer, the SyncPoint Proposal and any qualified Counterbid) is scheduled to take place on **April 12, 2017 at 9:00 a.m.** before the Honorable J. Michael Deasy, U.S.

Bankruptcy Court, Courtroom 2, 1000 Elm Street, Manchester, New Hampshire 03101 (the "Sale Hearing"). <u>Any party who has filed an objection or Counterbid must be present at the Sale Hearing, failing which the objection will be overruled and the Counterbid may be stricken</u>. At the Sale Hearing, the Court may 1) consider any requests to strike any Counterbid, 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding and 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

The deposit will be forfeited to the estate if the party designated by the Court as the successful bidder fails to complete the sale within seven days of the entry of an order approving the sale. If the sale is not completed by such successful bidder, the Court, without further hearing, may approve the sale of the Assets to the next highest bidder.

The Trustee reserves her right to reject any bid, including the "highest" bid. Any questions concerning the intended sale shall be addressed to the undersigned.

                                              OLGA L. GORDON, CHAPTER 7 TRUSTEE,

                                              By her attorneys,

                                              /s/ Daniel C. Cohn
                                              Daniel C. Cohn, BNH 03239
                                              Murtha Cullina LLP
                                              99 High Street
                                              Boston, Massachusetts 02110
                                              617-457-4000 Telephone
                                              617-482-3868 Facsimile
Dated: March 22, 2017               dcohn@murthalaw.com

7917839v1

# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

AGREEMENT made as of this 21st day of January, 2016, by and between Olga L. Gordon, Chapter 7 Trustee (the "Trustee") of the estate of Karl C. and Lisa H. Hansen (the "Debtors"), Chapter 7 case no. 12-11907-JMD (the "Seller") and PixArt Imaging, Inc. ("PixArt" or the "Buyer").

WHEREAS, June 11, 2012, the Debtors filed a voluntary petition pursuant to Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"); and

WHEREAS, on June 12, 2012, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estate;

WHEREAS, on September 3, 2015, this Court entered an Order Granting Ex Parte Amended Motion To Reopen case, and on September 4, 2015, the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estate;

WHEREAS, the debtor, Karl Hansen (the "Debtor") is the sole owner of the following domestic and foreign patents not disclosed in his originally filed bankruptcy Schedules: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), and AU200057549A, which were licensed by Debtor to PixArt pursuant to a Non-Exclusive License Agreement ("License Agreement") on or about June 26, 2008, and all rights associated with such patents (the "Assets"); and

WHEREAS, the Trustee wishes to sell and transfer, and the Buyer wishes to purchase, the Seller's right, title and interest in "the Assets" upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, the SELLERS and BUYER agree as follows:

1. <u>Assets to be Transferred.</u> The Trustee agrees to sell and transfer all of her right, title and interest in, and the Buyer agrees to buy the Debtor's interest in the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), and AU200057549A, and all rights associated with said patents, including rights that Debtor may have pursuant to the License Agreement related to said patents, the same to be held by Buyer for Buyer's own use and enjoyment, and for the use and enjoyment of Buyer's successors, assigns and other legal representatives, as fully and entirely as the same would have been held and enjoyed by the Debtor if this sale and transfer had not been made, and all claims for damages and other remedies for past and future infringements of the patents, along with the right to sue for and collect such damages and other remedies for the use and benefit of Buyer and its successors, assigns and other legal representatives.

2. <u>Purchase Price.</u> The Buyer agrees to pay as a total purchase price for the Assets an amount equal to the sum of the bankruptcy estate's administrative expenses and the creditors' claims, but not to exceed one hundred fifty thousand dollars and 00/100 (US $150,000.00), in consideration of the sale and transfer of the Assets (the "Purchase Price").

3. <u>Deposit.</u> Upon the execution of this Purchase and Sale Agreement, the Buyer agrees to pay a deposit of $50,000 to the Trustee for the purchase of the Assets (the "Deposit"). After the Trustee receives the Deposit, the Trustee agrees not to sell or transfer the Assets to the Debtors or Debtor's alter ego, SyncPoint Imaging, LLC., pending a final determination and decision by the Bankruptcy Court in Trustee's

adversary proceeding regarding ownership of the Assets and/or unless so ordered by the Court.

4. <u>Authority to Execute</u>. The individual signing this Agreement on behalf of the Buyer affirmatively represents that he/she has been authorized by the Buyer to do so.

5. <u>Bankruptcy Court Approval</u>. The obligations of the Trustee to sell and transfer and the obligations of the Buyer to purchase are expressly conditioned upon the approval by the United States Bankruptcy Court of the Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Assets (the "Motion to Sell") following an adversary proceeding that will be initiated by the Trustee for determination of the ownership of the Assets, at the Purchase Price or at a higher price subsequent to an auction which may be held with individuals or entities who submit counteroffers acceptable to the Trustee. The Buyer is aware that the Trustee will provide advance notice of the Motion to Sell to all creditors and other entities selected by the Trustee, who in turn may object to this proposed sale or submit counteroffers. The Buyer understands that in the event the Trustee receives one or more higher counteroffers for the Assets, a sealed bid auction, live auction or a combination of the two will be conducted at the Bankruptcy Court.

7. <u>Representations and Warranties</u>. The Assets are being sold "AS IS" and "WHERE IS" without any representations or warranties including WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

8. <u>Indemnification</u>. The Buyer shall indemnify and hold harmless the Trustee from all claims, demands, liabilities, and damages asserted against the Trustee or the Debtors' estate arising from events subsequent to the closing of the sale which relate

to the Assets, including any and all expenses incurred in defending any such claims. The provisions of this paragraph shall survive the closing.

9. Closing. A closing shall take place at the office of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts or via mail within seven (7) days after the Bankruptcy Court's allowance of the Motion to Sell. At the closing, the Trustee shall execute and deliver documents necessary to effect the transfer of the Assets.

10. Contingencies. There are no contingencies to the sale of the Assets other than Bankruptcy Court approval which could result in the acceptance of a higher offer from another party. In the event Bankruptcy Court does not approve the sale of all the Assets at the Purchase Price and Buyer elects not to purchase the Assets for a higher price, the Trustee shall return the Deposit to the Buyer within seven days of said Bankruptcy Court order. In the event a higher offer from another party is accepted by the Trustee and the sale to the higher offeror is allowed by the Bankruptcy Court, the Trustee shall return the Deposit to the Buyer within seven days of said Bankruptcy Court approval. In the event that the Buyer fails to close on the sale of the Assets within the time provided by this agreement, the Buyer shall forfeit his deposit to the bankruptcy estate.

11. Nonrecourse. The Trustee is executing this Agreement in a fiduciary capacity; only the estate shall be bound, and the Trustee shall not be personally liable for any obligation, expressed or implied, hereunder.

12. Modification. This Agreement contains the entire agreement of the parties and may be amended only by written instrument signed by the parties.

6677075v1

13. **Assignment.** The Buyer may assign its rights and obligations under this Agreement without the need of further approval from the Bankruptcy Court.

14. **Advice of Counsel.** The Buyer confirms that it has obtained the advice of counsel of its choice in connection with the execution of this Agreement.

15. **Miscellaneous.** Buyer acknowledges that it is familiar with the Assets.

IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.

PixArt Imaging, Inc.,

By: _____
Duane H. Mathiowetz
LeClairRyan
Attorneys for PixArt Imaging, Inc.

_____
Witness

Upon Court approval to sell the Assets to the Buyer, the Trustee agrees to sell and transfer on the terms set forth above.

_____, Chpt 7 Trustee
Olga L. Gordon, Chapter 7 Trustee

_____
Witness